UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

WILLIAM STANCIL,                          :
                    Petitioner,       :
                                 :
     v.                                      :     No. 2:21-cv-05471
                                 :
COMMONWEALTH OF PA;                       :
THE ATTORNEY GENERAL OF                   :
THE STATE OF PENNSYLVANIA; and            :
THE DISTRICT ATTORNEY OF                  :
PHILADELPHIA COUNTY;                      :
                   Respondents.          :

_____

**O P I N I O N**
**Report and Recommendation, ECF No. 10 – Adopted**

**Joseph F. Leeson, Jr.**                                **January 17, 2023**
**United States District Judge**

## I.      INTRODUCTION

Petitioner William Stancil is serving an aggregate sentence of twenty-seven (27) to fifty-five (55) years following his negotiated guilty plea before the Court of Common Pleas of Philadelphia County in 2016 to charges of third degree murder, robbery, criminal conspiracy, and possessing an instrument of crime.  On December 13, 2021, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on four (4) grounds.  Magistrate Judge Carol Sandra Moore-Wells issued a Report and Recommendation ("R&R") on October 12, 2022, recommending that the habeas corpus petition be dismissed as procedurally defaulted.  Despite being granted an extension of time to file objections to the R&R, Stancil has not filed objections.

He has, however, submitted an untimely traverse.[1]  In an abundance of caution, this Court has conducted de novo review of this matter, including Stancil's untimely traverse.  For the reasons set forth below, the R&R is adopted.

## II.     STANDARDS OF REVIEW

### A.     Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  In the absence of a specific objection, the district court is not statutorily required to review the report, under de novo or any other standard.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985).  Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report, *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987); therefore, the court should review the record for plain error or manifest injustice.  *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

---

[1]     In an Order dated November 18, 2022, this Court explained that Stancil's traverse was due within "within (21) days from the date the Respondents' answer is filed," which was on July 6, 2022.  *See* ECF Nos. 5, 12.  This Court granted Stancil an extension of time to file objections to the R&R, which is what he requested, and not to file a traverse.  *See* ECF No. 12.  Nevertheless, Stancil filed a traverse.

**B.**      **Habeas corpus petitions under 28 U.S.C. § 2254 – Review of Applicable Law**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Put differently, the exception is only available when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 133 S. Ct. at 1936; *Schlup*, 513 U.S. at 316).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[2] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## C.      Claims of ineffective assistance of counsel – Review of Applicable Law

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307

---

[2]      "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence and the burden is on the petitioner. *Id.* at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

## III. BACKGROUND

The R&R summarizes the factual and procedural history of this case. *See* R&R 1-5, ECF No. 31. Stancil does not object to this summary and, after review, it is adopted and incorporated herein. Of note, the R&R identifies the claims Stancil raised on direct appeal (after his direct appeal rights were reinstated *nunc pro tunc*), in a Post-Conviction Relief Act ("PCRA") petition, and in the instant habeas petition. The Magistrate Judge determined that each of the habeas claims are procedurally defaulted because they were not raised on direct appeal or in the PCRA

appeal.  *See* R&R 5-6.  Additionally, Stancil did not allege, nor did he show cause and prejudice to excuse the default, nor provide any new, reliable evidence of actual innocence.  *See id.*

In his traverse, Stancil attempts to include one new habeas claim: that trial counsel was ineffective for failing to object to his guilty plea colloquy that failed to mention the presumption of innocence.  Stancil contends, in his traverse, that he "was **never** informed of the presumption of innocence."  Traverse 6, ECF No. 13 (emphasis in original).  This claim was presented to the Pennsylvania Superior Court on direct appeal, but not raised in Stancil's PCRA petition or on appeal thereof.

## IV.   ANALYSIS

This Court has conducted de novo review of Stancil's habeas petition and traverse, and adopts the R&R in its entirety and incorporates the same herein.  This Opinion addresses only the new[3] claim Stancil attempts to assert for the first time in his late-filed traverse.  This claim is denied and dismissed for three reasons:

First, the claim is untimely.  The Pennsylvania Supreme Court denied Stancil's petition for allowance of appeal on May 7, 2018, and he had ninety (90) days to seek certiorari before the United States Supreme Court, which he did not.  Instead, Stancil filed a PCRA petition.  The PCRA petition was denied, a decision which the Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on March 30, 2021.  When Stancil filed his federal habeas petition on December 13, 2021, 258 days had elapsed off the one-year period of limitations.  Stancil was advised of the one-year period of limitations and of the prohibition on

---

[3]     The traverse alleges that Stancil "was **never** informed of the presumption of innocence," which is in conflict with the habeas petition allegations that "[t]he essential ingredients of the concept of the presumption of innocence was explained but [Stancil] was ignorant to the law. . . ."  *Cf.* Traverse 6, *with* Habeas 6, ECF No. 1.  Accordingly, the traverse cannot be construed as merely elaborating on a timely presented claim; rather, this claim is new to this case.

second or successive petitions on January 18, 2021, and further informed on March 7, 2022, that he must present all issues and evidence to the Magistrate Judge. *See* ECF Nos. 3-4. Stancil had until no later than March 30, 2022, to timely raise any additional habeas claims. But he waited another eight (8) months, until November 28, 2022, to file a traverse. The new claim is therefore untimely. *See* 28 U.S.C. § 2244(d)(1). Furthermore, Stancil did not request, nor did he receive, permission to file a late traverse or to present additional habeas claims after the one-year period of limitations had expired.

Second, the new claim is procedurally defaulted because it was not presented in Stancil's PCRA petition or on appeal thereof. Stancil has not alleged, nor shown, cause and prejudice to excuse the default.

Third, even if this claim was timely and not procedurally defaulted, it lacks merit. When considering this issue on direct appeal, the Pennsylvania Superior Court found the claim to be without merit. *See Commonwealth v. Stancil*, 181 A.3d 377 (Pa. Super. Ct. 2017). The court explained that the first page of Stancil's written plea colloquy, which Stancil signed after reviewing it with counsel, stated "I am presumed innocent. That means that I start out innocent— and stay innocent unless the District Attorney proves I committed the crime(s)." *Id.* The court further found that during the oral colloquy, Stancil was informed: "if you choose to go by way of jury trial, [the prosecutor] would call witnesses and bear the burden of proving you guilty beyond a reasonable doubt" and that the jury verdict must be unanimous. *Id.* (quoting Notes of Testimony at 13-14, January 5, 2016). The Pennsylvania Superior Court explained that "[a]lthough the words 'presumption of innocence' were never uttered during [Stancil's] plea hearing, such an omission did not render his plea colloquy defective." *Id.* (citing cases). The court found that Stancil "knowingly, voluntarily, and intelligently entered his guilty plea." *Id.*

The Pennsylvania Superior Court on PCRA appeal, when addressing a separate issue regarding Stancil's guilty plea, again found: "[i]n his oral plea colloquy and the written plea colloquy that he signed, [Stancil] was advised both of his right to a jury trial and the presumption of innocence and of what those rights encompassed, and he acknowledged his understanding of those rights and that he was giving up those rights by pleading guilty." *Commonwealth v. Stancil*, 240 A.3d 990 (Pa. Super. Ct. 2020). The state court's findings are presumed to be correct and Stancil has offered nothing to rebut that presumption. Applying the doubly deferential standard of review to the Pennsylvania Superior Court's determination that Stancil "knowingly, voluntarily, and intelligently entered his guilty plea," this Court finds that Stancil's ineffectiveness argument in this regard lacks merit and denies the claim.

## V.    CONCLUSION

After de novo review and for the reasons set forth herein, the R&R is adopted. All habeas claims are procedurally defaulted and Stancil has failed to show cause and prejudice to excuse such default. Additionally, the claim presented for the first time in Stancil's traverse is untimely and lacks merit. All habeas claims are denied and dismissed. A certificate of appealability ("COA") is denied because Stancil has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong.[4]

---

[4]    A COA should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*